# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COUVILLION GROUP LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-676-WBV-KWR** |
| **QUALITY FIRST CONSTRUCTION, LLC** | **SECTION: D (4)** |

## ORDER AND REASONS

Before the Court is Defendant's Motion *In Limine*,[1] which is opposed.[2] After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a breach of contract case concerning a subcontract entered into between the parties. Couvillion Group, LLC ("Plaintiff"), alleges that in or around January 17, 2017, Quality First Construction LLC d/b/a Quality First Marine, LLC ("Defendant"), contracted with the United States Army Corps of Engineers ("USACE"), for a project known as the Caernarvon Sector Gate Project in St. Bernard Parish.[3] The Caernarvon Sector Gate Project involved the relocation of a hydraulic steel flood control gate along the Mississippi River.[4] Plaintiff alleges that on or about January 23, 2017, it entered into a Subcontract Agreement with Defendant, wherein Plaintiff agreed to furnish all labor, equipment, supplies and material for performing

---

[1] R. Doc. 27.
[2] R. Doc. 28.
[3] R. Doc. 1 at ¶ 7.
[4] *Id.* at ¶ 8.

all operations necessary for installing, dewatering, monitoring, rewatering and removing dewatering components for the hydraulic steel structure.[5]

Plaintiff further alleges that pursuant to the Subcontract Agreement, Defendant contracted with Plaintiff in January 2017 for the rental of a houseboat to be used for a project Defendant maintained with the USACE.[6] Plaintiff asserts that as a result of delays caused by the USACE associated with weld inspections, which was outside the scope of work for Defendant and its subcontractors, Defendant asked Plaintiff to provide a day-rate for the use of the houseboat during this standby time.[7] Plaintiff claims that on May 31, 2017, it submitted an invoice to Defendant for $37,500.00, reflecting Defendant's houseboat rental for March 21, 2017 through May 27, 2017.[8] Plaintiff alleges that Defendant submitted the pricing to the USACE, which paid Defendant for the use of the houseboat, but that Defendant failed to remit that payment to Plaintiff.[9] Plaintiff alleges that Defendant also failed to remit payment on an August 31, 2017 invoice in the amount of $22,108.00, which reflects Plaintiff's charges caused by delays associated with the USACE's weld inspections and charges for assisting one of Defendant's contractors with scaffolding services.[10] Finally, Plaintiff alleges that Defendant failed to remit payment for $25,000.00 worth of extra hours worked from May 18, 2017, to June 14, 2017, which were not previously billed to Defendant.[11] Despite amicable demand, Plaintiff claims Defendant has

---

[5] *Id.* at ¶ 9.
[6] *Id.* at ¶ 11.
[7] *Id.* at ¶ 12.
[8] *Id.* at ¶ 13.
[9] *Id.* at ¶¶ 14-15.
[10] *Id.* at ¶ 16.
[11] *Id.* at ¶¶ 18-19.

refused to pay the outstanding balance of $84,600.00 owed to Plaintiff. As a result, Plaintiff filed a Complaint in this Court on January 29, 2019, asserting claims for breach of maritime contract, quantum meruit, equitable estoppel/detrimental reliance and for relief under Louisiana's open account statute, La. R.S. 9:2781.[12]

On November 8, 2019, Defendant filed the instant Motion *In Limine*, seeking to exclude: (1) all parole evidence that seeks to modify the unambiguous terms of the Subcontract Agreement; (2) all exhibits not identified in Plaintiff's August 5, 2019 Exhibit List;[13] (3) irrelevant exhibits related to Plaintiff's "extra work" discovered after the underlying project was over; and (4) any exhibits not specifically identified on Plaintiff's Exhibit List.[14] With respect to parole evidence and the exhibits not identified in Plaintiff's August 5, 2019 Exhibit List (Exhibit Nos. 11-14), Defendant re-urges the arguments raised in its previously filed Motion *In Limine* to Exclude Parol Evidence.[15] Defendant maintains that Plaintiff has failed to show good cause for its failure to disclose Exhibit Nos. 11-14 until the day the parties' pretrial order was due, which was only three weeks before trial.[16] Defendant further asserts that several exhibits on Plaintiff's Exhibit List should be excluded as irrelevant because they concern "extra hours" that Plaintiff located after the project was over that were not previously billed to Defendant. Defendant argues that Plaintiff's Exhibit Nos. 3, 4, 12, 13 and 14 fall into that category and must be excluded because Plaintiff does

---

[12] *Id.* at ¶¶ 23-41.
[13] R. Doc. 12.
[14] R. Doc. 27.
[15] R. Doc. 21.
[16] R. Doc. 27-1 at pp. 1-2.

3

not allege in its Complaint that Defendant ordered or committed to pay for that "extra work" after the project was complete.[17] Finally, Defendant seeks to prevent Plaintiff from introducing any documents at trial that fall within global categories of documents, such as "any and all work orders, invoices, and accounting records reflecting proof of payments related to the extra work performed by Couvillion on this project," on the basis that Plaintiff failed to specifically describe such documents.[18]

Plaintiff opposes the Motion, arguing that it fails to state an adequate basis for the exclusion of evidence.[19] Like Defendant, Plaintiff adopts and re-asserts all the arguments raised in its Opposition to Defendant's Motion *In Limine* to Exclude Parol Evidence.[20] Plaintiff maintains that the parole evidence is admissible to show that the parties modified the Subcontract Agreement, and that written email communications show that Defendant requested extra work, was aware of the work being performed and accepted the work performed by Plaintiff during the standby time caused by the USACE's delay.[21] Plaintiff further asserts that Defendant's objections to Plaintiff's proposed Exhibit Nos. 11-14 in the parties' Joint Pretrial Order[22] should be overruled because Defendant will not be prejudiced by the introduction of such exhibits at trial.[23] Asserting the same arguments raised in its prior Opposition brief,[24] Plaintiff asserts that there is no risk of undue surprise or

---

[17] R. Doc. 27-1 at p. 3.
[18] *Id.* (*citing* R. Doc. 19 at p. 12, Exhibit Nos. 12, 23-28).
[19] R. Doc. 28.
[20] *Id.* at pp. 2-3 (*citing* R. Doc. 26).
[21] R. Doc. 28 at pp. 2-3.
[22] R. Doc. 19 at p. 11.
[23] R. Doc. 28 at p. 3.
[24] *See* R. Doc. 66 at p. 12.

4

prejudice because this is a bench trial, the Court has already seen the exhibits, the exhibits are email communications in which Defendant is a party and they were prepared during the course of work that is the subject of this litigation, and Defendant has always had possession of the documents.[25]

Plaintiff also argues that, contrary to Defendant's assertion, Exhibit Nos. 3, 4, 12, 13, and 14 in Plaintiff's August 5, 2019 Exhibit List[26] are highly relevant to Plaintiff's claims and, therefore, admissible.[27] Plaintiff points out that these exhibits pertain to the 62.5 extra hours of work Plaintiff performed for one of Defendant's subcontractors during the Caernarvon Sector Gate Project, which Plaintiff seeks to recover payment for in the Complaint.[28] Plaintiff contends the fact that it located the Daily Job Logs after the end of the Project does not excuse Defendant from paying for the services provided, nor does it provide an adequate basis for excluding the documents from trial.[29] Finally, Plaintiff asserts that the only two documents it seeks to introduce at trial under one of its broad category of exhibits are demand letters dated May 15, 2018 and June 20, 2018, sent by Plaintiff's counsel to Defendant's counsel demanding payment for the unpaid invoices at issue in this case.[30] Plaintiff claims these documents are relevant to its claims under the Louisiana Open Account Statute, La. R.S. 9:2781, and, therefore, admissible at trial. Plaintiff asserts that the

---

[25] *Id.*
[26] R. Doc. 12.
[27] R. Doc. 28 at p. 4.
[28] *Id.*
[29] *Id.*
[30] *Id.* at p. 5.

5

introduction of these exhibits will not result in any prejudice to Defendant, which has been aware of and in possession of these documents since the date they were sent.

## II. LEGAL STANDARD

### A. Motion in Limine to Exclude Evidence.

According to the Fifth Circuit, the purpose of a motion in limine is to prohibit opposing counsel "from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds."[31] Under Federal Rule of Evidence 401, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, or if the fact it seeks to prove is of consequence in determining the action.[32] In the instant Motion, Defendant does not address the Federal Rules of Evidence. Instead, Defendant argues that Plaintiff should be precluded from offering any parole evidence that seeks to modify the unambiguous terms of the Subcontract Agreement, as well as Plaintiff's proposed Exhibit Nos. 11-14 in the Joint Pretrial Order,[33] Exhibit Nos. 3, 4, 12 ,13 and 14 in Plaintiff's Exhibit List,[34] and any other document not specifically listed in Plaintiff's Exhibit List.

---

[31] *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (quotation and internal quotation marks omitted).
[32] Fed. R. Evid. 401.
[33] R. Doc. 19 at p. 11.
[34] R. Doc. 12 at pp. 2-3.

## B. Defendant's Motion in Limine Must Be Denied.

To the extent Defendant seeks a blanket exclusion of all parole evidence that may be used by Plaintiff to modify the terms of the Subcontract Agreement based on the same arguments raised by Defendant in its Motion *In Limine* to Exclude Parol Evidence,[35] the Court has already rejected those arguments.[36] The Court has likewise rejected Defendant's arguments concerning the exclusion of Plaintiff's proposed Exhibit Nos. 11-14 in the parties' Joint Pretrial Order, which were also briefed in Defendant's prior Motion *In Limine* to Exclude Parol Evidence.[37] For the same reasons set forth in the Court's Order and Reasons denying Defendant's prior Motion *In Limine* to Exclude Parol Evidence,[38] the instant Motion is denied with respect to these two requests.

Turning next to Defendant's request to exclude Exhibit Nos. 3, 4, 12, 13 and 14 in Plaintiff's Exhibit List as irrelevant, the Court finds the request baseless. The foregoing exhibits, which include, "3. Couvillion Daily Job Logs regarding the Caernarvon Sector Gate Project; 4. Caernarvon Extra Work Summary Document and supporting Daily Job Logs from May 18, 2017 through June 14, 2017; . . . 12. Subcontract Agreement entered into between Couvillion Group and QFM, dated January 23, 2017; 13. Any and all agreements and/or contracts entered into between Couvillion Group and QFM regarding services performed and/or rendered by Couvillion Group regarding the Caernarvon Sector Gate Project; 14. Any and all

---

[35] R. Doc. 21.
[36] R. Doc. 35.
[37] R. Doc. 35 (*See* R. Doc. 21).
[38] R. Doc. 35.

agreements and/or contracts entered into between QFM and the United States Army Corps of Engineers regarding the Caernarvon Sector Gate Project."[39]  Contrary to Defendant's arguments to the contrary, the Court finds such exhibits highly relevant and admissible in this matter, especially Exhibit No. 12, the Subcontract Agreement at issue in this case.  These exhibits go to the crux of part of Plaintiff's case, which is whether Defendant issued a "written order" for the additional work for which Plaintiff now seeks to recover, and whether the parties confected a "mutual written consent" to modify the price owed to Plaintiff, as required by the Subcontract Agreement.[40]  Defendant has failed to show that this evidence should be excluded from trial.

The Court further finds that Defendant has failed to show that any evidence sought to be introduced at trial based on the global categories of exhibits in Plaintiff's Exhibit List must be excluded.  While Defendant complains that such evidence must be excluded because it was not specifically described on the exhibit list, Defendant cites no legal authority for this position.  To the extent Plaintiff asserts it will only seek to introduce two exhibits under the broad categories of exhibits listed in its Exhibit List, this matter is set for a bench trial and the Court will give the exhibits the appropriate weight that they deserve when, and if, they are introduced at trial.  Defendant has not persuaded the Court that such exhibits must be excluded from trial.

Based on the foregoing, the Court finds that Defendant's Motion in Limine must be denied.

---

[39] R. Doc. 12 at pp. 2-3.
[40] R. Doc. 21-2 at pp. 1-3, ¶¶ 2, 8.

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion in Limine[41] is **DENIED.**

New Orleans, Louisiana, November 15, 2019.

_____
**WENDY B. VITTER**
**United States District Judge**

---

[41] R. Doc. 27.